UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Yueseyuan Cruel, #198396,<br>*formerly #096075-071*,<br><br>Plaintiff,<br><br>vs.<br><br>County of Greenville;<br>Greenville County Sheriffs Department;<br>Michael Fortner, Professionally and Personally;<br>City of Greenville;<br>Greenville City Police Department;<br>J. J. Dugas, Professionally and Personally;<br>W. E. Carman, Professionally and Personally;<br>D. Turner, Professionally and Personally; and<br>L.T. Crocker, Professionally and Personally;<br><br>Defendants. | ) C/A No. 9:07-1323-HMH-GCK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

This action was originally filed by the Plaintiff, *pro se*, in a South Carolina Court of Common Pleas. The Defendants thereafter removed this action to federal court on May 8, 2007, asserting federal question jurisdiction on the grounds that Plaintiff's complaint raises issues of federal law. In removing this case to federal court, Defendants assumed that Plaintiff was pursuing relief under 42 U.S.C. § 1983.

Plaintiff filed timely objections to the removal of this case on May 21, 2007. Plaintiff claims in his objection that he is not attacking any federal conviction and wishes only to proceed on "state agency actions of search and seizure, arrest, detention prior to federal jurisdiction". The plaintiff also alleges his claims are 'matter of state concern, involving state laws, South Carolina Code 17-13-

1

140 on seeking and obtaining warrants and state constitution, Art. 1, Section 10...". His civil action cover sheet filed in state court indicates his claims are those arising in tort or personal injury.

In an order entered on May 29, 2007, the Defendants were served with a copy of Plaintiff's objections and ordered to file a reply. The Defendants complied with the order of this court and filed their reply to Plaintiff's objections to removal on June 14, 2007.

Defendants contend that Plaintiff raises issues pertaining to an August 1999 arrest for which Plaintiff was subsequently convicted. Defendants assert that these issues were previously addressed in federal court in *Cruel v. City of Greenville*, Civil Action No. 9:03-3027-22BG. Defendants correctly note that Civil Action No. 9:03-3027-22BG was dismissed without issuance and service of process because Plaintiff had no cognizable claim pursuant to 42 U.S.C. § 1983 since Plaintiff had not established that his conviction or sentence had been reversed or otherwise invalidated. As such, Defendant's maintain that the current suit is an attempt to re-litigate in state court those issues that have already been adjudicated in Civil Action No. 9:03-3027-22BG. Defendants argue that the Plaintiff has "artfully drafted" his pleadings in the above-captioned matter to avoid federal jurisdiction. Defendants further argue that Plaintiff's assertion in his objection that he will agree that his federal conviction will not come into question is an attempt to obviate federal jurisdiction.

According to the Defendant's, Plaintiff relies on the "well-pleaded complaint" rule. This rule has been interpreted to mean that "federal jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint.'" *Burbage v. Richburg*, 417 F. Supp.2d 746, 749 (D.S.C. 2006) (*Quoting Caterpillar, Inc. V. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed. 318 (1987). Defendants argue, however, that a court may uphold removal if it appears that the complaint has been pled to avoid reference to any federal law. The Defendants also

2

argue that "even if a violation of the Plaintiff's rights had occurred under South Carolina law, it would not be actionable without recourse to Section 1983, the basis of Defendant's request for federal jurisdiction.

### Discussion

A Defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331.

Various federal courts have held that the removal statutes are to be construed against removal jurisdiction, and in favor of remand. *See, e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098 (D.S.C. 1990)(collecting cases); and *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434 (W.D.Va. 1990).

A Plaintiff may object to the removal of a case, as Plaintiff has done here, however, even if a plaintiff fails to object to a Notice of Removal within thirty days after the Notice of Removal is filed, a federal district court must still remand the case to state court if there is no federal question jurisdiction or diversity jurisdiction. A federal court is not bound by the parties' characterization of a case or its appropriate parties. *Lyon v. Centimark Corporation*, 805 F. Supp. 333 (E.D.N.C. 1992).

A review of Plaintiff's state court complaint reveals that the Plaintiff is incarcerated at the Watkins Pre-Release Center in Columbia, South Carolina. The Plaintiff alleges that he is not being fed properly. He also alleges that the conditions under which food is prepared and served are not sanitary, and that showers, floors, and other areas are not properly cleaned. Plaintiff claims that the

3

Defendants have breached a duty they owe to him. He also states that the Defendants have been grossly negligent.

Complaints pertaining to a prisoner's conditions of confinement are routinely filed in the District Courts. These types of cases are raised pursuant to 42 U.S.C. § 1983, and may be filed in federal or state court. Since these types of cases are common, it was not unreasonable for the Defendants to remove this case to federal court. The plaintiff, however, has specifically stated in his objections to the removal that he wishes to pursue his claims pursuant to state laws and waives all federal claims that might be construed from his state court complaint. Consequently, this Court is without 'federal question' jurisdiction. In addition, since the parties are not diverse this Court has no subject matter jurisdiction over the Plaintiff's claims.

Defendants argue that Plaintiff's claims would not be actionable in state court without recourse to Section 1983. The undersigned disagrees. A prisoner has a right to sue for tort damages in state court without bringing the United States Constitution into play. In the instant case, the Plaintiff specifically makes reference to the South Carolina State Constitution. Furthermore, the common law torts of malicious prosecution and false arrest are decidedly state based claims. Additionally, Plaintiff had stated that he will not adjudicate any federal claims, and would therefore be barred by doing so under the law of the case doctrine. The Defendants would also have available to them the defenses of res judicata and collateral estoppel if Plaintiff attempted to raise federal issues already litigated in Civil Action No. 9:03-3027-22BG. Finally, it would be inequitable, in this court's estimation, to hold any *pro se* litigant to a pleading rule, given the liberal standard of review that is required of *pro se* pleadings. *See Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978); *Hughes*

4

*v. Rowe*, 449 U.S. 5 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); and *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975).

Plaintiff specifically references state law, the state constitution, and common law torts in his original complaint.   Case law suggests that when a Plaintiff's *pro se* status and inartful and ambiguous pleading contains only passing reference to the U.S. Constitution and federal law that remand is appropriate. *See McBrearty v. Kentucky Comty., Tech. College Sys.*, 2006 WL 2583375 (E.D. Ky. Sept. 7, 2006) and *Corre v. Steltenkamp*, 2006 WL 2385352 (E.D. Ky Aug. 16, 2006).

There is a split of authority as to whether a magistrate judge has the authority to remand a matter to state court. The only district court in this district to have addressed this issue in a published opinion held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co.*, Inc., 783 F. Supp. 249, 250 (D.S.C. 1992) (Hawkins, J.) ("[A] remand order is the equivalent of a dismissal.  The Magistrate [Judge's] Order thus sought to effect an 'involuntary dismissal' of the action."). The Fourth Circuit Court of Appeals has not addressed the issue. *See Jonas v. Unisun Ins. Co.*, 230 F.3d 1352 (4th Cir.2000) (unpublished) ("[T]his court has not addressed whether a magistrate judge may issue an order of remand....").

Furthermore, although the United States Supreme Court has not addressed this issue directly, it has been suggested that a remand motion is functionally indistinguishable from a dispositive motion listed in § 636(b)(1)(A). *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714 (1996) ("No less than an order staying a federal court action pending adjudication of the dispute in state court, [an order of remand] puts the litigants in this case effectively out of court, and its effect is precisely to surrender jurisdiction of a federal suit to a state court.") (internal quotation and citation omitted). Additionally, three federal circuit courts have addressed this matter in published opinions

5

holding that remand motions are dispositve. *See Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001); *First Union Mortgage Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000); and *In re U.S. Healthcare*, 159 F.3d 142 (3d Cir. 1998).

## Recommendation

Based on the foregoing, it is recommended that this matter be remanded to the Court of Common Pleas for Greenville County. Since this is only a recommendation, IT IS ORDERED that the Office of the Clerk of Court shall <u>not</u> immediately certify this Order to the Court of Common Pleas for Greenville County. If both parties in the above-captioned case fail to file written objections to this Report and Recommendation within fourteen (14) days after this document is filed, or, if either party files written objections to this Report and Recommendation within fourteen (14) days after this document is filed, the Office of the Clerk of Court, at the end of the fourteen-day period, shall forward the case file and any objections to a United States District Judge for a final disposition.

George C. Kosko
United States Magistrate Judge

July 10, 2007
Charleston, South Carolina

**_The parties' attention is directed to the important notice on the next page._**

6

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

7